NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES DANIEL SMITH, | No. 21-35149 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00069-SPW-TJC |
| v. | |
| CHARTER COMMUNICATIONS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted December 8, 2021
Submission Vacated and Deferred January 18, 2022
Resubmitted July 20, 2023
San Francisco, California

Before: GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.
Concurrence by Judge COLLINS.

Plaintiff Charles Daniel Smith alleges in this diversity action that Defendant

Charter Communications, Inc., violated Montana law by wrongfully discharging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

him from employment.  The district court granted summary judgment to Defendant, and Plaintiff timely appealed.

In a published order, we certified to the Montana Supreme Court the question whether, in a wrongful-discharge action, an employer may rely on a reason other than the reasons stated in a discharge letter.  Smith v. Charter Commc'ns, Inc., 22 F.4th 1134, 1141 (9th Cir. 2022) (order).  In Galbreath v. Golden Sunlight Mines, Inc., 890 P.2d 382 (Mont. 1995), the Montana Supreme Court held that, in defending against a wrongful-discharge claim, an employer may rely only on the reasons given in a letter.  Id. at 385.  But statutory amendments in 1999 called into question the continuing vitality of the Galbreath rule, resulting in a split in both federal-court and state-court rulings on the question.  See Smith, 22 F.4th at 1139–41 (discussing the 1999 statutory amendments and relevant cases).

The Montana Supreme Court accepted our request for certification and issued a published opinion.  Smith v. Charter Commc'ns, Inc., 529 P.3d 871 (Mont. 2023).  The court held that the statutory amendments did not affect the Galbreath rule.  Id. at 877.  The court summarized that, although "the Galbreath Rule precludes admitting irrelevant evidence of collateral reasons for discharge other than the sole reason stated in the discharge letter, evidence offered to substantiate the reasons already given in the discharge letter is admissible."  Id.  The parties have filed supplemental briefs to us on the effect of the Montana

2

Supreme Court's decision. We now reverse the grant of summary judgment and remand for further proceedings.

Defendant fired Plaintiff in early 2018 and, in a corrective action report provided to Plaintiff, gave two reasons for the dismissal. Smith, 22 F.4th at 1136–37. First, Defendant explained that Plaintiff allowed an employee to work as an electrician, in violation of the company's policy. Id. The parties do not dispute that genuine issues of material fact preclude summary judgment as to that reason. Id. at 1137.

Second, Defendant asserted that Plaintiff failed to fulfill a 50% travel requirement in December 2017. Id. As we held initially, a genuine issue of material fact precludes summary judgment as to this specific reason as well. Id. at 1138. In particular, both parties have presented conflicting evidence as to "whether Defendant had imposed a 50% travel requirement on Plaintiff during 2017." Id.

In sum, the Montana Supreme Court clarified that Defendant may defeat a wrongful-discharge action only for the reasons given in a discharge letter. Smith, 529 P.3d at 877. Genuine issues of material fact exist as to both of the two reasons in the corrective action report. Accordingly, summary judgment was improper.

Defendant points out that the Montana Supreme Court emphasized that the Galbreath rule "does not restrict courts from considering evidence that supports or

3

substantiates the reason in the discharge letter by making its existence more probable than not." Id. at 876. According to Defendant, evidence that Plaintiff was subject to a quarterly site-visit travel requirement and evidence that he failed to meet that requirement falls within the Montana Supreme Court's broad description of relevant evidence. We need not decide that evidentiary question because summary judgment was inappropriate even assuming that the evidence is admissible.

The Montana Supreme Court explained that evidence is relevant if it tends to prove a "fact of consequence," and "the proffered reason an employer provides in a termination letter is the 'fact of consequence' as to whether the employee was wrongfully discharged." Id. at 875. The relevant fact of consequence here is the one specified in the corrective action report: Plaintiff's failure to meet a 50% travel requirement in December 2017. In order to justify the firing, then, Defendant must prove that Plaintiff was subject to a 50% travel requirement in December 2017.

Even assuming that the evidence concerning quarterly site visits is admissible because it tends to show that Defendant imposed a similar requirement in December 2017 (or that Plaintiff failed to meet that requirement), summary judgment remains inappropriate. The evidence concerning the quarterly site-visit requirement does not definitively prove that Plaintiff also was subject to a 50%

4

travel requirement in December—the "fact of consequence."  And, as noted, Defendant may not justify the firing on the ground that Plaintiff failed to meet a quarterly site-visit requirement, because that was not a reason specified in the corrective action report.

**REVERSED AND REMANDED for further proceedings.  Costs on appeal awarded to Plaintiff.**

*Smith v. Charter Communications, Inc.*, No. 21-35149

COLLINS, Circuit Judge, concurring:

I concur in the memorandum disposition, which correctly resolves this case in light of the Montana Supreme Court's answer to our certified question. *See Smith v. Charter Commc'ns, Inc.*, 529 P.3d 871 (Mont. 2023). There is, however, one aspect of the Montana Supreme Court's decision that I think warrants special comment.

In our certification order, we requested that the Montana Supreme Court answer the following question of Montana law:

> Whether, in an action for wrongful discharge pursuant to Montana Code Annotated section 39-2-904, an employer may defend a termination *solely for the reasons given in a discharge letter*, as the court held in *Galbreath v. Golden Sunlight Mines, Inc.*, 270 Mont. 19, 890 P.2d 382 (1995), or whether the 1999 statutory amendments have superseded the *Galbreath* rule.

*Smith v. Charter Commc'ns, Inc.*, 22 F.4th 1134, 1141 (9th Cir. 2022) (emphasis added). We explained that this issue was case-dispositive here because, if "good cause" for termination under Montana law could be based on reasons *other* than those given in Plaintiff Charles Daniel Smith's discharge letter, we would affirm. *Id*. at 1137–39. That was true, we held, because the "record decisively establishes" good cause to terminate Smith on a ground that was *not* included in his termination letter. *Id*. at 1137. But if "good cause" is limited to the reasons set forth in the

discharge letter, we would reverse, because both reasons given in Smith's termination letter involve triable issues of fact. *Id.* at 1137–39. We therefore asked the Montana Supreme Court to tell us whether intervening statutory amendments had undermined *Galbreath*'s rule that only the reasons stated in a discharge letter may be invoked to establish "good cause" for a termination under Montana law.

In response, the Montana Supreme Court stated that, "[b]ecause the *Galbreath* Rule is an evidentiary rule *predicated on the Montana Rules of Evidence*, it has not been superseded by the 1999 statutory amendments." *Smith*, 529 P.3d at 877 (emphasis added). In particular, the state high court held, Montana caselaw applying the *Galbreath* rule "reflects analyses grounded in [Montana Rules of Evidence] 401 and 402" about what counts as "relevant" evidence. *Id.* at 875. From the perspective of a federal court, this is a somewhat unsatisfying answer to receive because, of course, the Montana Rules of Evidence generally do *not* apply in a diversity case in federal court. *See Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010) (noting the general rule that "[t]he question whether evidence is admissible" in a diversity case "is governed by federal law"). Instead, Federal Rule of Evidence 401 governs any determination in this case as to what evidence "has any tendency to make" a fact of consequence "more or less probable than it would be without the evidence." *See* FED. R. EVID. 401(a).

2

On the other hand, state substantive law *does* determine what counts as a fact "of consequence" in a diversity case. A leading treatise has explained this crucial distinction as follows:

> Deciding whether evidence is relevant and hence admissible as to an issue governed by state law sometimes requires careful analysis to distinguish between materiality (whether the fact sought to be proved "is of consequence in determining the action"—an issue governed by the applicable state substantive law) and relevance (whether the evidence offered has "any tendency" to make the fact's existence more or less probable—an issue governed by the federal standard defined in Rule 401 and not by state law).

19 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4512, at p.539 (3d ed. 2016) ("WRIGHT & MILLER"). Here, the Montana Supreme Court squarely held that, "[i]n wrongful discharge cases, this Court has determined that the proffered reason an employer provides in a termination letter *is the 'fact of consequence' as to whether the employee was wrongfully discharged*." *Smith*, 529 P.3d at 875 (emphasis added) (citing, *inter alia*, *Galbreath*, 890 P.2d at 385). *That* holding is a substantive rule of Montana employment law, and its resolution in binding on us here.[1] Under Montana law,

---

[1] It is therefore irrelevant whether we are able to discern from the Montana Supreme Court's opinion where that substantive rule comes from or what it is based on. Candidly, I am not sure that I know. As our certification order explained, this substantive rule of Montana law appeared to be derived from *Swanson v. St. John's Lutheran Hospital*, 597 P.2d 702 (1979), which in turned derived it from since-repealed language in a statute. *See Smith*, 22 F.4th at 1139–

3

only the grounds for termination that are stated in the termination letter qualify as the requisite "good cause." Under that substantive rule, we must reverse the summary judgment here.

I think that it is important to note, however, that the Montana Supreme Court's specification of the ultimate "fact of consequence" is the *only* aspect of that court's decision here that is applicable in any further proceedings in this case. Much of the state high court's decision in this matter is devoted to explaining that court's views as to the "wide range of evidence" that may be said to make the grounds stated in the termination letter "more or less probable." *Smith*, 529 P.3d at 876. That discussion will certainly be of interest to the lower courts of Montana, but it is not controlling in federal court. "[W]hether the evidence offered has 'any tendency' to make" the grounds stated in the termination letter "more or less probable" is "an issue governed by the federal standard defined in Rule 401 and not by state law." WRIGHT & MILLER, *supra*, § 4512, at p.539.

Subject to these observations, I concur in the memorandum disposition reversing the district court's judgment.

---

40. The Montana Supreme Court has now clarified that *Galbreath*'s substantive rule is not based on the statute cited in *Swanson* and that the rule "reflects analyses and applications of the Montana Rules of Evidence." *Smith*, 529 P.3d at 876. From the perspective of a federal court that is *not* bound by the Montana Rules of Evidence but that *is* bound by Montana law's specification of what counts as an ultimate fact of consequence, this answer appears somewhat question-begging.

4